

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-2-2005

# Franks v. Lehigh

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2971

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Franks v. Lehigh" (2005). *2005 Decisions.* Paper 756.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/756

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 04-2971

TIMOTHY FRANKS,
Appellant

v.

COUNTY OF LEHIGH, THOMAS LAZORIK,
BRIAN KAHLER, TED KEHM, JANICE E. NESBIT
JANE BAKER, RICHARD O. KLOTZ

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Civ. No. 02-cv-02652)

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 14, 2005

Before: SLOVITER, McKEE and WEIS *Circuit Judges*

(Filed: August 2, 2005)

OPINION

McKEE, *Circuit Judge*.

Timothy Franks asks us to review the District Court's grant of summary judgment

in favor of his employers in the action he filed against them under the Americans with

Disabilities Act (ADA), codified at 42 U.S.C. § 12101, *et seq*.  For the reasons that

follow, we will affirm.

1

Because we write primarily for the parties, it is not necessary to recite the facts of this case in detail. It is sufficient to note that Appellant Franks worked as an accountant for the County of Lehigh from 1997 until 2001, when he was terminated. Franks suffers from Type I Diabetes Mellitus ("diabetes"), and during his employment with the County, he experienced numerous acute hyper- and hypoglycemic attacks that required medical care. Franks alleges that he is entitled to recover under the ADA because

> his supervisors were overly preoccupied with his diabetic
> condition and were paranoid about their own potential
> personal liability should Franks become injured while at work
> as a result of a diabetic attack. . . . the County manipulated his
> final performance evaluation to reflect a bogus
> 'unsatisfactory' rating and create a basis for his termination.

Appellant's Br. at 3.

Summary judgement is only appropriate if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with [any] affidavits, . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law," when the evidence is viewed in the light most favorable to the nonmoving party. Fed.R.Civ.P. 56©).

The District Court applied the *McDonnell Douglas* burden-shifting framework that so often guides inquiries into employment discrimination. App. 14, citing *Shaner v. Synthes*, 204, F.3d 494, 500 (3d Cir. 2000). The court found that Franks proved his prima facie case, but failed to adequately refute the County's articulation of a legitimate and

non-discriminatory ground for the adverse employment action taken against Franks.

## II.

In *Fuentes v. Perskie*, 32 F.3d 759 (3d Cir. 1994), we held that:

> [T]o avoid summary judgment, the plaintiff's evidence rebutting the employer's proffered legitimate reasons must allow a factfinder reasonably to infer that *each* of the employer's proffered non-discriminatory reasons . . . was either a *post hoc* fabrication or otherwise did not actually motivate the employment action (that is, the proffered reason is a pretext).
>
> To discredit the employer's proffered reason, however, the plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent. . . . Rather, the non-moving plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder *could* rationally find them "unworthy of credence," . . . and hence infer "that the employer did not act for (the asserted) non-discriminatory reasons."

*Fuentes,* 32 F.3d at 765 (internal citations omitted). The County cited Franks' incompetence as reflected in performance evaluations over the course of two years, as the reason he was terminated. Franks sought to discredit this proffered reason by alleging inconsistencies in the evaluation scheme as a whole. As the District Court summarized:

> For example, the point is made that . . . what are apparently similar grades assigned in a portion of the 1999 evaluation, which resulted in an overall satisfactory rating, are inconsistent with . . . what are given as comparable readings,

3

but with a different bottom line in the 2000 evaluation.

App. 18.  Judge Pollak recognized a lack of coherence in the testimony of Franks's supervisors in their explanation of the weighting of the various evaluation factors. App. 19.  However, Judge Pollak concluded that the inconsistencies did not demonstrate that the employer's stated rationale was a pretext, nor that the employer was motivated by discriminatory animus. App. 26.  In a well-reasoned and thorough oral ruling, Judge Pollak explained why the defendants were entitled to summary judgment as a matter of law, and we can add little to his discussion. *See* App. 009-028.  Accordingly, we will affirm substantially for the reasons set forth by the District Court in its ruling from the bench on December 1, 2004.